# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-2573

_____

Olivier Family Interests, LTD; GBS International, L.L.C.

*Plaintiffs - Appellees*

v.

Russell Wright, Deceased; Michael Bogart

*Defendants - Appellants*

Doris Wright, Personal representative of Russell Wright

*Appellant*

Robert Feeney; Stoam Holding, LLC; Doris Wright; Certain Other Unnamed Defendants; KMA Trust; Russell Wright; JJA Trust; Patrick Clawson; Russell Wright, doing business as MLO Consulting; Russell Wright, doing business as Bluegrass Holdings; Russell Wright, doing business as Penny Investments; Doris Wright, Trustee of the Doris E. Wright Living Trust; Joseph P. Wright; Don Wood; Elana Bogart; Jerry Lahr, doing business as Penny Investments; Jerry Lahr, Trustee of the KMA Trust; Jacqueline Demer; Stoam Industries, LLC; Development Systems, LLC; Financial Freedom Associates, LLC; Michael David Beiter; Donna Beiter; Joel Ceballos; Jason Peterson; G. D. Jalil; Bank of America, NA; Wild Rose Estates, LLC; BGI Limited Company, LLC

*Defendants*

—————————————————

No. 12-3021

—————————————————

Olivier Family Interests, LTD; GBS International, L.L.C.

*Plaintiffs - Appellees*

v.

Russell Wright; Michael Bogart; Robert Feeney; Stoam Holding, LLC; Doris Wright; Certain Other Unnamed Defendants; KMA Trust; Russell Wright; JJA Trust; Patrick Clawson; Russell Wright, doing business as MLO Consulting; Russell Wright, doing business as Bluegrass Holdings; Russell Wright, doing business as Penny Investments; Doris Wright, Trustee of the Doris E. Wright Living Trust

*Defendant*s

Joseph P. Wright

*Defendant - Appellant*

Don Wood; Elana Bogart; Jerry Lahr, doing business as Penny Investments; Jerry Lahr, Trustee of the KMA Trust; Jacqueline Demer; Stoam Industries, LLC; Development Systems, LLC; Financial Freedom Associates, LLC; Michael David Beiter; Donna Beiter; Joel Ceballos; Jason Peterson; G. D. Jalil; Bank of America, NA; Wild Rose Estates, LLC; BGI Limited Company, LLC

*Defendant*s

-2-

_____

No. 12-3024
_____

Olivier Family Interests, LTD; GBS International, L.L.C.

*Plaintiffs - Appellees*

v.

Russell Wright; Michael Bogart; Robert Feeney; Stoam Holding, LLC; Doris Wright; Certain Other Unnamed Defendants; KMA Trust; Russell Wright; JJA Trust; Patrick Clawson; Russell Wright, doing business as MLO Consulting; Russell Wright, doing business as Bluegrass Holdings; Russell Wright, doing business as Penny Investments; Doris Wright, Trustee of the Doris E. Wright Living Trust; Joseph P. Wright

*Defendant*s

Don Wood

*Defendant - Appellant*

Elana Bogart; Jerry Lahr, doing business as Penny Investments; Jerry Lahr, Trustee of the KMA Trust; Jacqueline Demer; Stoam Industries, LLC; Development Systems, LLC; Financial Freedom Associates, LLC; Michael David Beiter; Donna Beiter; Joel Ceballos; Jason Peterson; G. D. Jalil; Bank of America, NA; Wild Rose Estates, LLC; BGI Limited Company, LLC

*Defendant*s
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

-3-

Submitted: August 7, 2013
Filed: August 27, 2013
[Unpublished]
_____

Before SMITH, BOWMAN, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

In Appeal No. 12-2573, Michael Bogart and Doris Wright, as the personal representative of the estate of Russell Wright (who died during the pendency of this proceeding), appeal the judgment of the District Court[1] awarding damages of $12,900,000 in accordance with a jury verdict in favor of Olivier Family Interests, Ltd. (OFI), and GBS International, LLC, on their state-law claims of misrepresentation and breach of fiduciary duty, and federal-law claim under the Racketeer Influenced Corrupt Organization Act (RICO), 18 U.S.C. §§ 1961–1968. In Appeal No. 12-3021, Joseph Wright appeals the misrepresentation and RICO verdicts; in Appeal No. 12-3024, Donald Wood appeals those verdicts as well. For the reasons that follow, we affirm.

First, we decline to consider the appellants' argument, newly raised on appeal, that the Private Securities Litigation Reform Act (PSLRA), Public. L. No. 104-67, 109 Stat. 737 (codified as amended in scattered sections of 15 U.S.C.), bars the civil RICO claim under § 1964(c), see Orr v. Wal-Mart Stores, Inc., 297 F.3d 720, 725 (8th Cir. 2002) (noting that appellate court ordinarily does not consider an argument raised

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

for the first time on appeal; the court will consider a newly raised argument only if it is purely legal and requires no additional factual development or if manifest injustice would otherwise result), cert. denied, 541 U.S. 1070 (2004). The possible applicability of the PSLRA to this case is not a purely legal question, and appellants have not established that a manifest injustice would result if this court does not consider its applicability in the first instance. As to appellants' challenge to the sufficiency of the evidence supporting the jury's RICO verdict, see Craig Outdoor Adver., Inc. v. Viacom Outdoor, Inc., 528 F.3d 1001, 1009 (8th Cir. 2008) (stating standard of review and noting that a jury verdict is entitled to extreme deference), cert. denied, 555 U.S. 1136 (2009), we conclude that the evidence was adequate to support the jury's finding that (1) appellants committed racketeering activity or predicate acts consisting of a scheme to defraud OFI and GBS through wire fraud, as well as acts of misrepresentation; (2) appellants committed a pattern of racketeering activity that spanned a substantial period of time or was ongoing; and (3) OFI's and GBS's injuries were proximately caused by appellants' fraudulent activity, see United HealthCare Corp. v. Am. Trade Ins. Co., 88 F.3d 563, 570 (8th Cir. 1996) (noting that to prove a RICO violation, a plaintiff must establish (1) the existence of an enterprise, (2) defendant's association with the enterprise, (3) defendant's participation in predicate acts of racketeering, (4) that defendant's actions constitute a pattern of racketeering activity, and (5) that plaintiff's business or property was injured by conduct constituting a violation).

The evidence was likewise sufficient for the jury to find that all of the appellants made negligent misrepresentations to Lorrie Olivier, OFI's representative, during the establishment and operation of GBS International, LLC, resulting in OFI's and GBS's pecuniary losses. See Lafarge N. Am., Inc. v. Discovery Group LLC, 574 F.3d 973, 981 (8th Cir. 2009) (noting that a claim for negligent misrepresentation in Missouri requires proof that (1) the speaker supplied information in the course of his business; (2) because of the speaker's failure to exercise reasonable care, the supplied information was false; (3) information was intentionally provided by the speaker for

the guidance of a limited group of persons in a particular business transaction; (4) the listener justifiably relied on the supplied information; and (5) due to that reliance, the listener suffered pecuniary loss; a negligent misrepresentation does not require that the information be knowingly or recklessly supplied, but information must be supplied in the course of the speaker's business).  In addition, although the issue appears moot in light of the merged damages judgment, we conclude that the evidence supported the punitive-damages awards.  See Alack v. Vic Tanny Int'l of Mo., 923 S.W.2d 330, 339 (Mo. 1996) (noting that under Missouri law, punitive damages require conscious disregard or complete indifference to the rights of others).

As to appellant Michael Bogart's challenge to the breach-of-fiduciary-duty verdict against him, we conclude that the jury instruction in this case complied with Missouri law and, alternatively, that any error did not result in prejudice to Bogart. See Zebley v. Heartland Indus. of Dawson, Inc., 625 F.3d 449, 455 (8th Cir. 2010) (stating standard of review); Sutherland v. Sutherland, 348 S.W.3d 84, 89–90 (Mo. Ct. App. 2011) (noting that officers of a limited liability company shall not be liable for business decisions that they believe in good faith are in the company's best interests and that the business-judgment rule precludes courts from interfering with the decisions of corporate officers and directors absent showing of fraud, illegal conduct, ultra vires act, or irrational business judgment).

Appellants' remaining arguments involve discretionary evidentiary rulings, a meritless challenge to the District Court's subject matter jurisdiction, or contentions that have no bearing on the challenged portions of the jury verdicts.

For the foregoing reasons, we affirm the judgment of the District Court.

_____